IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER and NATALIE LEWIS, Individually and on behalf of all similarly situated individuals, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) | CASE NUMBER: CV-11-338 |
| ) | |
| BAC HOME LOANS SERVICING, LP, ) ) | |
| Defendant. ) | |

## COMPLAINT

NOW COME Plaintiffs Christopher and Natalie Lewis, individually and on behalf of all similarly situated individuals, and as their Complaint against the Defendant, BAC Home Loans Servicing, LP, avers as follows:

## INTRODUCTION

Plaintiffs bring this action for violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., ("TILA"), and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (general federal question), and 15 U.S.C. § 1640 (Truth in Lending Act).

2. Venue is proper here because the events giving rise to Plaintiffs' cause of action occurred in this district.

## THE PARTIES

3. Plaintiff, Christopher Lewis, is an individual of full age of majority and resides in Mobile County, Alabama.

4. Plaintiff, Natalie Lewis, is an individual of full age of majority and resides in Mobile County, Alabama.

5. BAC Home Loans Servicing, LP ("BAC") is a New York corporation, with its principal place of business in California. BAC does business in the State of Alabama.

**FACTUAL ALLEGATIONS**

6. BAC is a mortgage loan servicer and services mortgage loans throughout Alabama and the country.

7. "[S]ervicing" means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts, and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan. See 12 U.S.C. § 2605(i)(2).

8. Servicers are also responsible for the day-to-day management of mortgage loan accounts which includes, from time to time, taking assignments of borrowers' loans.

9. On November 16th 2010 BAC received an assignment of an interest in the plaintiff's mortgage loan and the same was recorded in the probate office of Baldwin County, Alabama.

10. The mortgage loan at issue was secured by the Plaintiffs' principal residence.

11. The Truth-in-Lending Act, at 15 U.S.C. § 1641(g), requires notification of the borrower within 30 days of any transfer or assignment of their mortgage loan to a third party. Specifically Section 1641(g) states:

> (g)   Notice of new creditor
> (1) In general
> In addition to other disclosures required by this subchapter, not later than 30 days

2

> after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
> (A) the identity, address, telephone number of the new creditor;
> (B) the date of transfer;
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
> (D) the location of the place where transfer of ownership of the debt is recorded; and
> (E) any other relevant information regarding the new creditor.
>
> (2) Definition
> As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

15 U.S.C. § 1641(g)

## COUNT ONE

12. Plaintiffs reallege the allegations above as if fully set out herein.

13. With respect to Plaintiffs, BAC received an assignment of an interest in real estate which is used by Plaintiffs as their principal dwelling.

14. Upon receipt of that assignment BAC was required to notify Plaintiffs in writing of such transfer, within 30 days, and make all the disclosures set out above.

15. BAC failed to notify her at all and therefore failed to make the requisite disclosures.

WHEREFORE Plaintiffs demands judgment for statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a).

## CLASS ALLEGATIONS

16. Plaintiffs restate the relevant allegations above on behalf of a class of borrowers similarly situated, bringing the following class claim against BAC.

17. These claims are brought on behalf of all residential mortgage borrowers who:

3

    (A)    From a time period beginning one year prior to the date of the filing of this Complaint to the present;

    (B)    Had a mortgage loan, as that term is defined by 15 U.S.C. § 1641(g)(2); and

    (C)    An interest in their mortgage loan was sold or otherwise transferred or assigned to BAC; and

    (D)    BAC did not make all of the disclosures in the manner required by 15 U.S.C. § 1641(g)(1).

18.    The identities of the class members are readily identifiable through computer records and paper records, regularly maintained in defendant's course of business.

19.    The scope of this class definition, including its temporal scope, will be further refined after discovery of Defendant=s books and records.

20.    The Class is so numerous as to make it impracticable to bring all members of the Class before the Court. It is believed, based upon Defendants= representations in public records, that the Class includes thousands of members. In some instances, such persons may be unaware that claims exist on their behalf. To the extent that Class members have knowledge of their claims, their damages are in such amounts that when taken individually, they may be too small to justify the expense of a separate lawsuit.

21.    The representative Plaintiffs' claims are typical of, if not identical to, the claims of the Class.

22.    The representative Plaintiffs will fairly and adequately represent the members of the Class and have no interests which are antagonistic to the claims of the Class.

23.    The representative Plaintiffs have retained counsel who are competent and

experienced in consumer fraud class action litigation, and have successfully represented consumers in numerous complex class actions.

24. Counsel has agreed to handle this case on a contingent basis, with their compensation for professional services only as awarded by the Court.

25. Common questions of law and fact impact the rights of each member of the Class and a common remedy by way of statutory damages is sought for the Class.

26. There are numerous and substantial questions of law and fact common to all members of the Class which will control in this litigation and which will predominate over any so-called individual issues.

27. A class action provides a fair and efficient method, if not the only method, for adjudicating this controversy.

28. The substantive claims of the representative Plaintiffs and the class are identical and will require evidentiary proof of the same kind and application of the same law.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because class members number in the thousands and individual joinder is impracticable.

30. The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually.

WHEREFORE, Plaintiffs for themselves and on behalf of the class of borrowers described in Paragraph 47 above, demand judgment against Defendant, BAC and the following relief:

(A) An order certifying that this action may be maintained as a class action, as defined above, under Fed.R.Civ.R. 23(a) and 23(b)(3);

(B) An order appointing Plaintiffs to be representatives of the class;

(C) An order appointing the undersigned counsel as class counsel pursuant to Fed. R. Civ. R. 23;

(D) An order directing that reasonable notice of the class action be provided to all members of the class at the appropriate time;

(E) For violating TILA, an order and judgment finding that the Defendant is liable as a matter of law to each member of the class for damages, costs and fees, as provided pursuant to 15 U.S.C.§ 1640(a);

(F) An award of reasonable attorney's fees as provided by law and statute;

(G) An award of costs and expenses incurred in this action; and

(H) An award for such other relief as the Court may deem just and proper.

_____
EARL P. UNDERWOOD, JR.
One of the Attorneys for Plaintiffs

OF COUNSEL
Underwood & Riemer, P.C.
21 South Section Street
Fairhope, Alabama 36532
(251) 990.5558 Telephone
(251) 990.0626 Facsimile
epunderwood@alalaw.com

## DEMAND FOR JURY TRIAL

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

_____
EARL P. UNDERWOOD, JR.