IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER and NATALIE LEWIS, Individually and on behalf of all similarly situated individuals<br><br>　　　　Plaintiffs<br><br>v.<br><br>BAC HOME LOAN SERVICING LP,<br><br>　　　　Defendant. | CASE NUMBER: CV-11-338 |

**BRIEF IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

Plaintiffs fail to allege facts necessary to support their sole claim against Defendant Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, incorrectly sued as BAC Home Loans Servicing, LP ("BAC").  Pursuant to Fed. R. Civ. P. 12(b)(6), BAC therefore respectfully requests that this Court dismiss Plaintiffs' Complaint in its entirety for failure to state a claim upon which relief may be granted.  BAC further shows the Court as follows:

**PRELIMINARY STATEMENT**

Taking all of Plaintiffs' factual allegations as true for the purpose of this Motion, Plaintiffs' lone claim -- that BAC failed to notify Plaintiffs of an assignment of their mortgage loan to BAC, in violation 15 U.S.C. § 1641(g) of the Truth in Lending Act ("TILA") -- is insufficient as a matter of law.  In fact, two key allegations, that (1) BAC is a mortgage loan servicer and (2) on November 16, 2010, BAC received an assignment interest in the Plaintiffs' mortgage loan, if assumed true, establish that BAC cannot be liable under TILA.  [*See* Compl., ¶¶ 6, 9]

Section 1641(g) of TILA, by definition, applies only when a mortgage loan is sold or assigned to a "new creditor." 15 U.S.C. §§ 1602(f), 1641(g); *Hartman v. Deutsche Bank Nat'l Trust Co.,* No. 07–5407, 2008 WL 2996515, at *2 (E.D.Pa. Aug. 1, 2008). A loan servicer, like BAC is not a creditor that can be liable under TILA. *Kebasso v. BAC Home Loans Servicing, LP, et al.*, No. 11-360 (DSD/AJB), 2011 WL 2960219 (D. Minn. July 20, 2011); *Harris v. Option One Mortg. Corp.*, 261 F.R.D. 98, 105 (D.S.C. 2009) (mortgage servicer not a "creditor" under TILA); *Stump v. WMC Mortgage Corp.,* No. Civ. A. 02–326, 2005 WL 645238, at *10 (E.D.Pa. Mar. 16, 2005). TILA specifically provides a "safe harbor" for servicers that do not own the debt and, like BAC here, are given an assignment for the servicer's administrative convenience. *Id.*; 15 U.S.C. § 1641(f).

The facts alleged to support Plaintiffs' claim show that BAC was a servicer that received its assignment for the sole purpose of fulfilling its servicing requirements. Plaintiffs do not allege that BAC was a "creditor" or that it ever held an ownership interest in Plaintiffs' mortgage loan. [*See* Compl.]. Plaintiffs do explicitly allege that BAC was a servicer, "performing the day-to-day management of mortgage loan accounts which includes, from time to time, taking assignments of borrowers' loans." [Compl., ¶¶ 6-9]. Plaintiffs do not allege any facts that suggest that the alleged November 6, 2010 assignment was made for any purpose other than BAC's administrative convenience as servicer. TILA was never intended to create liability of a servicer in such circumstances and it would be contrary to section 1641's treatment of servicers to find otherwise. "Although strict compliance with the provisions of TILA is required, 'it makes no sense to convert TILA from a shield protecting consumers into a sword allowing them to strike lenders who have followed the statute and its regulations as closely as logic permits.'"

*In re Carlton*, Bkrptcy No.10-40388-JJR-13, 2011 WL 3799885 (Bankr. N.D. Ala. Aug. 26, 2011) (citing *Hefferman v. Bitton,* 882 F.2d 379, 382 (9th Cir. 1989)).[1]

For reasons explained more fully below, Plaintiffs' Complaint should be dismissed as a matter of law.

## II.    Motion to Dismiss Standard

Rule 8(a)(2), Fed. R. Civ. P., requires every pleading asserting a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and punctuation omitted).

---

[1] Plaintiffs' counsel has attempted to bring at least seven other actions on the same legal theory of liability, some of which have motions to dismiss pending that identify some of the very same pleading defects that BAC raises herein: *Harrison v. PHH Mortgage Corp.*, Case No. 1:11-cv-00289-B, filed in the United States District Court for the Southern District of Alabama (Mobile Division) on June 3, 2011; *Knowles v. HSBC Bank*, Case No. 5:11-cv-01953-IPJ, filed in the United States District Court for the Northern District of Alabama (Northeastern Division) on June 8, 2011; *Giles v. Wells Fargo*, Case No. 1:11-cv-00405-M, filed in the United States District Court for the Southern District of Alabama (Southern Division) on July 22, 2011; *Brown v. CitMortgage*, Case No. 1:11-cv-00403-B, filed in the United States District Court for the Southern District of Alabama (Southern Division) on July 22, 2011; *Reed v. Chase Home Finance*, Case No. 1:11-cv-00412-WS-C, filed in the United States District Court for the Southern District of Alabama (Mobile Division) on July 27, 2011; *Small v. Federal National Mortgage Assoc.*, Case No. 1:11-cv-00429-B, filed in the United States District Court for the Southern District of Alabama (Mobile Division) on July 29, 2011; *Connell v. CitMortgage*, Case No. 1:11-cv-00443-C, filed in the United States District Court for the Southern District of Alabama (Mobile Division) on September 20, 2011.

A motion to dismiss under Rule 12(b)(6) is designed to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir. 1983).

The complaint must set forth "enough facts to state a claim to relief that's plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads <u>factual content</u> that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009) (emphasis added). It is not sufficient for the plaintiff to show that liability is possible, or to plead facts that are "merely consistent with a defendant's liability." *Id.* (citing *Twombly*, 550 U.S. at 557).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In its review, the Court must accept all factual allegations as true, but should not accept "a legal conclusion couched as a factual allegation." *Id.* at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.

Applying these standards to the present case, Plaintiffs' Complaint fails to allege facts sufficient to state a plausible claim for a violation of TILA section 1641 (g).

### III.   Argument and Citation of Authorities

Plaintiffs' Complaint asserts only one claim - - that BAC allegedly violated TILA, 15 U.S.C. § 1641(g), by failing to provide Plaintiffs notice that BAC received an assignment of an interest in Plaintiffs' mortgage loan. [Compl., Count I]. Section 1641(g) of TILA applies solely to creditors or assignees of creditors and, as Plaintiffs allege, BAC is a servicer, not a creditor. [Compl., ¶ 6]. Thus, BAC had no obligation to provide any notice of the alleged assignment.

Section 1641(g) mandates that a new owner of a mortgage loan, defined in TILA as a "creditor", disclose to borrowers when their mortgage loan is acquired by that new owner. Section 1641(g) provides in part:

> (g) Notice of new creditor
>
> (1) In general
>
> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including –
>
> (A) the identity, address, telephone number of the new creditor;
>
> (B) the date of transfer;
>
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
>
> (D) the location of the place where transfer of ownership of the debt is recorded; and
>
> (E) any other relevant information regarding the new creditor.

(Emphasis added).

Generally, only creditors and assignees can be liable under TILA for violative acts or omissions. *See Hartman,* 2008 WL 2996515 at *2. Under TILA, "[t]he term 'creditor' refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which payment of a finance charge is or maybe required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of the indebtedness or, if there is no such evidence of indebtedness, by agreement . . . ." 15 U.S.C. § 1602(f).

It is well established that a servicer of a mortgage loan is not a creditor for purposes of TILA. *See Harris,* 261 F.R.D. at 105 (mortgage servicer not a "creditor" under TILA); *Stump*, 2005 WL 645238 at *10 ("As TILA imposes liability only on purchasers and assignees of mortgages, loan servicers cannot be liable under TILA.") (citing 15 U.S.C. § 1641(f))). As Plaintiffs acknowledge in their Complaint, unlike creditors, "[s]ervicers are responsible for the day-to-day management of mortgage loan accounts which includes, from time to time, taking assignments of borrowers' loans." [Compl., ¶ 8].

Section 1641 specifically provides that mortgage servicers are not considered creditors for purposes of this section and creates a safe harbor for servicers that receive assignments for the purposes of performing their administrative duties. 15 U.S.C. § 1641(f). Specifically, section 1641(f) provides in pertinent part:

> (f) Treatment of servicer
>
> (1) In general
>
> A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation.
>
> (2) Servicer not treated as owner on basis of assignment for administrative convenience.
>
> <u>A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in serving the obligation.</u> Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.
>
> (3) "Servicer" defined
>
> For purposes of this subsection, the term "servicer" has the same meaning as in section 2605(i)(2) of Title 12.17

(Emphasis added). *See also* 12 CFR § 226.39(a)(1) ("[A] servicer of a mortgage loan shall not be treated as the owner of the obligation if the servicer holds title to the loan, or title is assigned to the servicer, solely for the administrative convenience of the servicer in servicing the obligation.")

A mortgage servicer cannot be liable under TILA as an assignee unless it also owns the debt at issue and the assignment of the debt obligation is not for the servicer's administrative convenience. *See* 15 U.S.C. § 1641(f)(1) and (2); *Kebasso*, 2011 WL 2960219 (dismissing plaintiffs' section 1641(g) claim based on finding that the servicer, which was assigned MERS' interest in plaintiffs' mortgage and loan, was not a creditor under section 1641(g)); *Longo v. First National Mortgage Sources,* No. 07-4372(MLC), 2010 WL 415330, at *4 (D.N.J. Jan. 29, 2010) (dismissing TILA claim against mortgage servicer where there was no evidence that it owned the loan); *Harris*, 261 F.R.D. at 105 (same).

The *Kebasso* plaintiffs attempted to assert the very same allegation against BAC that Plaintiffs attempt to assert here. 2011 WL 2960219 at *6-7 n.7. Like Plaintiffs here, the *Kebasso* plaintiffs alleged that BAC, who was the servicer of their mortgage loan, violated section 1641(g) by failing to notify them that BAC was assigned their mortgage by MERS for the purposes of foreclosure. *Id.* The *Kebasso* court correctly recognized that "[s]ection 1641(g) imposes obligations on "the creditor that is the new owner or assignee of the debt," not on the mortgagees or loan servicer. *Id.* (citing 15 U.S.C. § 1641(g), (requiring "[n]otice of new creditor"); § 1602(f) (creditor is person "who regularly extends consumer credit that is subject to a finance charge" or payable in more than four installments and "to whom the obligation is initially payable"); and § 1641(f)(1) (servicer of obligation not treated as assignee "unless the servicer is or was the owner of the obligation")). The court therefore determined that the

assignment to BAC did not make it a creditor under TILA and found that the *Kebasso* plaintiffs' claim failed as a matter of law. *Id.*

Plaintiffs' claim here is virtually identical to the claim that was subject to dismissal in *Kebasso*. Plaintiffs make the bare assertion that "[o]n November 16th 2010 BAC received an assignment of an interest in the Plaintiff's mortgage loan and the same was recorded in the probate office of Baldwin County, Alabama." [Compl., ¶. 9]. Plaintiffs do not allege, however, that the assignment gave BAC an ownership interest in the loan or that it was made for any purpose other than the administrative convenience of BAC, as servicer.

Additionally, while that allegation is assumed to be true for purposes of this motion, BAC could not locate any assignment related to the Plaintiffs' mortgage loan that was recorded in the Baldwin County probate office on November 16, 2010. Tellingly, Plaintiffs attach no such instrument to their Complaint. "[N]aked assertion[s] devoid of 'further factual enhancement" do not satisfy federal pleadings standards. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 55 U.S. at 557*)*. Plaintiffs cannot rely on such a bare allegation of an assignment to support the necessary legal conclusion that BAC acquired an ownership interest in Plaintiffs' mortgage loan. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 55 U.S. at 557*)*. "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of entitlement to relief." *Weissman v. Nat'l Assoc. of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombly*, 55 U.S. at 557*)*.

This is especially true in this instance when the only assignment on record with the Baldwin County probate office related to Plaintiffs' mortgage loan and involving BAC, is the

assignment of Plaintiffs' mortgage by MERS to BAC, filed on December 6, 2010. [*See* Ex. A, attached hereto][2]. This document does not, however, purport to assign an ownership interest in Plaintiffs' mortgage loan to BAC. [Id.].

Here, despite Plaintiffs' vague allegations, they plead three salient facts that plainly demonstrate Plaintiffs' Complaint does not meet *Iqbal/Twombly* standards. Plaintiffs admit that BAC is a servicer, that the day-to-day role of a servicer sometimes includes taking an assignment of a loan and that BAC as servicer was assigned an interest in Plaintiffs' mortgage loan. [Compl., ¶¶ 6 - 9]. Plaintiffs fail to plead any factual content that would support a claim that BAC obtained an ownership interest in Plaintiffs' loan or received an assignment for any purpose other than the administrative convenience of BAC in servicing the mortgage loan. Taking all these allegations as true and in a light most favorable to Plaintiffs, the only plausible conclusion that can be drawn is that the alleged assignment was for the administrative convenience of BAC in servicing Plaintiffs' mortgage loan, shielding BAC from any liability under the section 1641(f) safe harbor provision.[3]

---

[2] While the resolution of a 12(b)(6) motion is generally determined by an examination of the pleadings alone, courts may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice," which include public records. *Crooked Creek Properties, Inc. v. Ensley*, No. 2:08-cv-1002-WKW[WO], 2009 WL 3644835, at *8 (M.D.Ala. Oct. 28, 2009). *See also, e.g., Rowland v. International Paper Co.*, No. 1:10-cv-3443-RWS, 2011 WL 1457194, at *4 (N.D.Ga. April 15, 2011) ("In ruling upon a motion to dismiss, the Court is not limited to the four corners of the complaint, but may also consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record in the case ....'") (citing 5B Wright & Miller § 1357); *Wyser-Pratte Management Inc. v. Telxon Corp.,* 413 F.3d 553, 560 (6th Cir. 2005) ("In addition to allegations in the complaint, the court may also consider other materials that are integral to the complaint, public records, or are otherwise appropriate for taking judicial notice").

[3] The above pleading deficiencies and admissions are so substantial that they trump other pleading defects in the Complaint which Defendant notes here, but reserve, including Plaintiffs' failure to state any plausible or proper claim for recoverable actual damages under TILA.

## CONCLUSION

As the servicer of Plaintiffs' mortgage loan, BAC is not a creditor and does not have assignee liability under TILA. Plaintiffs do not allege any facts showing that their mortgage was assigned to BAC for anything other than BAC's administrative convenience in performing its role as servicer. BAC therefore had no obligation to provide any notice of new creditor to Plaintiffs upon the assignment and no TILA liability under section 1641 should be imposed against BAC. As such, Plaintiffs' Complaint fails to state a claim and should be dismissed as a matter of law.

This 30th day of September, 2011.

                                            Respectfully submitted,

                                            /s/ Kenneth S. Steely
                                            Kenneth S. Steely (STEEK4183)
                                            Kirkland E. Reid (REIDK9451)
                                            Counsel for Defendant Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of September, 2011, I electronically filed the foregoing with the Court's CM/EVF system, which will send electronic notification of such filing to the following counsel of record.

> Earl P. Underwood, Jr
> Underwood & Reimer, P.C.
> 21 South Section Street
> Fairhope, Alabama 36532
> epunderwood@alalaw.com

> s/Kenneth S. Steely
> Of Counsel