IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER and NATALIE LEWIS,<br>Individually and on behalf of all<br>similarly situated individuals, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | CIVIL ACTION NO. 11-00338-CG-N |
| BAC HOME LOAN SERVICING LP, | )<br>)<br>) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

The motion to dismiss (docs 9-10) filed by Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, incorrectly sued as BAC Home Loans Servicing, LP ("BAC"), has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) for entry of a report and recommendation. Upon consideration of the motion, plaintiffs' response in opposition thereto (doc. 16), as supplemented (doc. 24), BAC's reply (doc. 18), and all other pertinent portions of the record , it is recommended that the motion to dismiss be **DENIED**.

      I.     Factual and Procedural Background.

In this litigation, Christopher and Natalie Lewis (collectively "plaintiffs" or "Lewis's"), assert that they executed a real estate loan in the amount of $255,000 with Quicken Loans, Inc. on July 10, 2007, which was secured by a mortgage on their principle residence. (Doc. 16 at 1; Doc. 1 at ¶ 10). Although the Lewis's identify BAC in their complaint as "a mortgage loan servicer" (doc. 1 at ¶ 6), they also assert that

"[o]n November 16th 2010 BAC received an assignment of an interest in the plaintiff's mortgage loan and the same was recorded in the probate court of Baldwin County, Alabama" (*id*. at ¶ 9). The Lewis's then assert in their complaint's sole claim[1] that BAC failed to notify the plaintiffs of an assignment of their mortgage loan to BAC in violation of 15 U.S.C. § 1641(g) of the Truth in Lending Act ("TILA").

BAC filed its motion to dismiss (docs. 9-10) on September 30, 2011. A response in opposition was filed by the Lewis's on October 24, 2011 (doc. 16), which was supplemented on November 30, 2011(doc. 24). BAC replied on October 31, 2011 (doc. 18). The motion is now ripe for consideration by the Court. It is noted at the outset that certain additional documents have been referred to by the parties which are documents outside the pleadings, namely: (1) BAC refers to "the assignment of Plaintiffs' mortgage by MERS to BAC, filed on December 6, 2010" as its "Ex. A. attached hereto" (doc. 10 at 8-9) which was not so attached, but was filed as Exhibit A (doc. 16-1) to plaintiffs' response (doc. 16); (2) plaintiffs proffer the "Foreclosure Deed" executed on behalf od BAC on April 1, 2011 (doc. 16-2) and attached as Exhibit B to plaintiffs' response (doc. 16). Although the scope of review with respect to a motion to dismiss is generally limited to the four corners of the complaint, "the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if

---

[1] Plaintiffs also seek class certification for "all residential mortgage borrowers who: (A) [f]rom a time period beginning one year prior to the date of the filing of this Complaint to the present; (B) [h]ad a mortgage loan, as that term is defined by 15 U.S.C. § 1641(g)(2); and (C) [a]n interest in their mortgage loan was sold or otherwise transferred or assigned to BAC; and BAC did not make all of the disclosures in the manner required by 15 U.S.C. § 1641(g)(1)." (Doc. 1 at ¶ 17).

the attached document is (1) central to the plaintiff's claim and (2) undisputed." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005), *citing* Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). The Eleventh Circuit has also held that, "[i]n this context, 'undisputed' means that the authenticity of the document is not challenged." *Id.* It is also clear that "a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document provided it meets the centrality requirement imposed in Horsley." *Id.*, *citing* Harris v. Ivax Corp., 182 F.3d 799, 802 n. 2 (11th Cir. 1999). *See also*, Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."), *citing* Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). As applied to this case, BAC's motion to dismiss need not be converted to a motion for summary judgment because the assignment and foreclosure deed submitted by the plaintiffs (docs. 16-1 and 16-2) after reference of the assignment by BAC (doc. 10 at 8-9) are central to plaintiffs' claim and are referenced in the complaint and there does not appear to be any dispute over the authenticity of these documents. Thus, the Court may properly consider

3

these exhibits without converting the instant motion to dismiss into a motion for summary judgment. *See e.g.*, <u>Wooten v. Quicken Loans, Inc.</u>, 2008 WL 687379, *1 (S.D. Ala. Mar. 10, 2008).

## II. Standard of Review

"[W]hen considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged by in the complaint as true." <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260 (11th Cir. 2009). *See also*, <u>Speaker v. U.S. Dept. of Health and Human Services</u>, 623 F.3d 1371, 1379 (11th Cir. 2010)("In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.").

Prior to <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544 (2007), a court could only dismiss a complaint "if it is was clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," language set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). This language as it relates to the Rule 12(b)(6) standard was expressly rejected in <u>Twombly</u> wherein the Supreme Court set forth the following standard regarding a court's determination of the sufficiency of pleading such as is in issue in this case:

> Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citation omitted] a plaintiff's obligation to provide the "grounds" of his

4

> "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [citation omitted]. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. at 555. The Supreme Court emphasized, however, that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. The Supreme Court reinforced the Twombly standard in Ashcroft v. Iqbal, – U.S. – , 129 S.Ct. 1937, 1949-50 (2009). The Court reiterated that a claim is insufficiently pled if it offers only "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'." Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 U.S. at 557. The Iqbal Court explained:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

Iqbal, 129 S.Ct. at 1949-50 (citation and internal punctuation omitted). *See also*, Phillips v. County of Allegheny, 515 F.3d 224, 233 (3rd Cir. 2008)("After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must

allege facts suggestive of [the proscribed] conduct'."), *quoting* Twombly, 550 U.S. at 553, n. 8. *See also*, Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention, 623 F.3d 1371, 1380 (11th Cir. 2010)("In Twombly, the Supreme Court . . . explained that a complaint 'does not need detailed factual allegations,' but the allegations 'must be enough to raise a right to relief above the speculative level'."), *quoting* Twombly, 550 U.S. at 555; Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949 (11th Cir. 2009)("A plaintiff must provide enough factual allegations, which are assumed to be true, 'to raise a right to relief above the speculative level'."), *quoting* Twombly, 550 U.S. at 555; Sinaltrainal v. Coca-Cola Co., 2009 WL 2431463 (11th Cir. Aug. 11, 2009)("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss [*citing* Iqbal, 129 S.Ct. at 1949] [and] [t]he well-pled allegations must nudge the claim 'across the line from conceivable to plausible'" [*quoting* Twombly, 550 U.S. at 570]").

It is also important to note that "[a] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." McTernan v. City of York, Pennsylvania, 564 F.3d 636, 646 (3rd Cir. 2009), *quoting*, Phillips, 515 F.3d at 231, in turn *quoting*, Twombly, 550 U.S. at 553, n. 8. The Supreme Court's Twombly formulation of the pleading standard "'does not impose a probability requirement at the pleading stage,'" but instead "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' of the necessary element." *Id.*, *quoting* Phillips, 515 F.3d at 234, in turn *quoting*, Twombly, 550 U.S. at 556. *See also*, Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir.

1997)(noting that the language of § 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)).

III. Analysis.

Plaintiffs assert in their complaint a single claim against BAC for violation 15 U.S.C. § 1641(g), which provides:

> Notice of new creditor
> (1) In general
>
> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including--
>
> (A) the identity, address, telephone number of the new creditor;
>
> (B) the date of transfer;
>
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
>
> (D) the location of the place where transfer of ownership of the debt is recorded; and
>
> (E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g). BAC's motion to dismiss is predicated on the contention that plaintiffs have identified BAC as a mortgage loan servicer and "[a] loan servicer like BAC is not a creditor that can be liable under TILA." (Doc. 10 at 2). BAC relies in part upon 15 U.S.C. § 1641(f) which provides, in pertinent part:

> Treatment of servicer
> (1) In general

> A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation.
>
> (2) Servicer not treated as owner on basis of assignment for administrative convenience
>
> A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation. Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.
>
> (3) "Servicer" defined
>
> For purposes of this subsection, the term "servicer" has the same meaning as in section 2605(i)(2) of Title 12.

15 U.S.C. § 1641(f). Plaintiffs argue that BAC "became more than simply a servicer of the loan when the 'Assignment of Mortgage' was executed purporting to transfer the ownership interest in Lewis' mortgage to BAC." (Doc. 16 at 1-2). This contention is consistent with the allegation in the complaint that "[o]n November 16th 2010 BAC received an assignment of an interest in the plaintiff's mortgage loan and the same was recorded in the probate office of Baldwin County, Alabama." (Complaint at ¶ 9). A copy of this recorded assignment[2] was proffered as an exhibit to plaintiffs' response in

---

[2] This "Assignment of Mortgage" to BAC was recorded on December 6, 2010, in the Probate Court of Baldwin County, Alabama, under Number: 1262792. (Doc. 16-1). BAC concedes that, "[w]hile the resolution of a 12(b)(6) motion is generally determined by an examination of the pleadings alone, courts may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice," which include public records." (Doc. 10 at n. 1, *citing, inter alia*, Crooked Creek Properties, Inc. v. Ensley, 2009 WL 3644835, at *8 (M.D. Ala. Oct. 28, 2009).

opposition (doc. 16-1) and indeed provides, in pertinent part, that BAC received pursuant to this transfer "all right, title and interest of [the] Assignor in and to that certain Mortgage executed by CHRISTOPHER THOMAS LEWIS AND NATALIE DENEIL LEWIS, . . . dated July 10, 2007, and filed for record in Instrument Number: 1063790, in the Probate Office of Baldwin County, Alabama." (Doc. 16-1).

According to BAC, the assignment in this case is no different that the assignment at issue in Kebasso v. BAC Home Loans Servicing, LP, 2011 WL 2960219 (D. Minn. July 20, 2011), namely an assignment alleged to have been made to BAC by MERS "for the purpose of foreclosure." (Doc. 10 at 7). BAC thus argues that, like Kebasso, plaintiffs' section 1641(g) claim should be dismissed "based on finding that the servicer, which was assigned MERS' interest in plaintiffs' mortgage and loan, was not a creditor under section 1641(g)." (*Id*.)[3] BAC also argues that "Plaintiffs do not allege any facts that suggest that the alleged November 6, 2010 assignment was made for any purpose other than BAC's administrative convenience as servicer." (Doc. 10 at 2 and 8). BAC, however, does not identify any facts supporting its contentions either that it is not a creditor within the meaning of § 1641(g) or that the assignment in this case actually conveyed rights in plaintiffs' mortgage to BAC solely for its "administrative convenience as servicer." (*Id*.) Because BAC does not identify any facts in the record which shed any

---

[3] BAC's reliance on Kebasso v. BAC Home Loans Servicing, LP, 2011 WL 2960219 (D. Minn. July 20, 2011), is not persuasive not only because the plaintiffs in that case never briefed the TILA issue but because other courts have found that § 1641(g) does apply in analogous situations. *See e.g.* Schafer v. CitiMortgage, Inc., 2011 WL 2437267, *6 (C.D. Cal. June 15, 2011) ("when MERS assigned or transferred any beneficial interest it had in the DOT and Note to Citi, Citi became the new creditor and would need to provide Plaintiff with" § 1641(g) disclosures).

light on the purpose of the assignment at issue, or for that matter on the nature of BAC's servicing obligations with respect to the plaintiffs' mortgage, BAC has failed to identify any facts which would mandate a singular plausible inference that this assignment was solely for BAC's administrative convenience.[4] Consequently, this Court cannot conclude that BAC is entitled to dismissal based on the "servicer" exclusion set forth in § 1641(f)(2). *See* Squires v. BAC Home Loans Servicing, LP, 2011 WL 5966948, at *4 (S.D. Ala. Nov. 29, 2011)("BAC asserts in conclusory fashion that the Assignment of Mortgage conveyed MERS's rights to BAC solely for its administrative convenience, but does not identify any facts supporting—much less dictating—that result."); *see also* Fairbanks Capital Corp. v. Jenkins, 225 F.Supp2d 910, 914 (N.D. Ill. 2002)("Defendants have squarely alleged that Fairbanks is an assignee of the loan . . .and they allege nothing that hints at the possibility that the assignment was made solely for Fairbanks' administrative convenience [and] . . . the Court must take defendants' allegations as true and can grant Fairbanks' motion [to strike the affirmative defense and dismiss the

---

[4] BAC recognizes the deficiency of its efforts to seek dismissal under Rule 12(b)(6) as demonstrated by its admission that:

> If BAC's Motion is denied, BAC will establish in discovery that, among other things, (a) BAC serviced the loan for creditor Federal Home Loan Mortgage Corporation (Freddie Mac), (b) at the time of the merger of BAC Home Loans Servicing LP into Bank of America, N.A., effective July 1, 2011, Plaintiffs were provided RESPA servicer transfer information, which identified Freddie Mac as creditor, undercutting the veracity and plausibility of any allegation to the contrary; and (c) Freddie Mac's servicing guidelines required the MERS assignment to BAC for administrative convenience purposes in connection with foreclosure.

(Doc. 18 at n. 2).

counterclaim] only if it appears beyond doubt that defendants can prove no set of facts consistent with their allegations that would sustain their counterclaim and defense.").

CONCLUSION

For the reasons stated above, it is recommended that BAC's motion to dismiss be **DENIED** and that BAC be ordered to file its answer to the Complaint by no later than a specific time established by the Court.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this   9th   day of  January 2012.

/s/Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

<u>Objection</u>. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[5] after being served with a copy of the recommendation, unless a different time is established by order." The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this  9th  day of January, 2012.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).