IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER and NATALIE LEWIS, Individually and on behalf of all similarly situated individuals, )<br><br>Plaintiffs, )<br><br>v. )<br><br>BAC HOME LOANS SERVICING, LP, )<br><br>Defendant. ) | CASE NUMBER: CV-11-338-CG-N |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to the Fed. R. Civ. P. 26(f), a meeting was held on February 9, 2012, via telephone, and was attended by:

Earl P. Underwood, Jr., attorney for Plaintiffs

Alan M. Warfield, attorney for Defendant

The parties do not request a conference with the court before entry of the scheduling order.

1. **Parties' Brief Narrative Statements:**

   a. **Plaintiffs' brief narrative statement of the facts and the causes of action:**

   The Class Complaint relates to a purported violation of Section 1641(g) of the Truth-in-Lending Act ("TILA"), at 15 U.S.C. § 1641(g). This provision was added to TILA as part of the Helping Families Save Their Homes Act of 2009.

Section 1641(g) requires notification to the borrower within 30 days of any transfer or assignment of ownership of their mortgage loan. Plaintiffs allege that ownership of their mortgage loan was transferred to BAC on November 16, 2010, when an Assignment of Mortgage was executed. Plaintiffs allege Defendant failed to provide to Plaintiffs with the notice required by Section 1641(g). Plaintiffs allege Defendant is liable to class members for statutory damages, attorneys' fees and costs pursuant to TILA Section 1640(a). Plaintiffs seek an order certifying a class under Federal Rules of Civil Procedure 23(a) & (b)(3).

### b. Defendant's brief narrative statements of the facts and defenses, including affirmative defenses:

Plaintiffs' single claim against this defendant is that BAC Home Loans Servicing, LP, ("BAC") failed to notify Plaintiffs of an assignment of their mortgage loan to BAC, in violation 15 U.S.C. § 1641(g) of the Truth in Lending Act ("TILA"). Section 1641(g) of TILA, by definition, applies only when a mortgage loan is sold or assigned to a "new creditor." TILA specifically provides a "safe harbor" for servicers who are assigned an interest in the borrower's mortgage loan for the servicer's administrative convenience in servicing the loan. 15 U.S.C. § 1641(f).

As the servicer of Plaintiffs' mortgage loan, BAC was not a "creditor" and did not have assignee liability under section 1641(g). Plaintiffs cannot show that

their mortgage was assigned to BAC for anything other than BAC's administrative convenience in performing its role as servicer. BAC therefore had no obligation to provide any notice of new creditor to Plaintiffs upon the assignment and no TILA liability under section 1641 should be imposed against BAC. Therefore, Plaintiffs' claims, both individually and on behalf of a putative class, should be dismissed. Bank of America further denies that Plaintiffs have suffered any damages.

Bank of America further denies that this case is appropriate for class certification. Common questions of law and/or fact do not predominate over questions affecting the individual members of the putative class.

2. **Discovery Plan.**

    A.    Plaintiffs will need discovery on the following:

        - Matters relating to Assignment of Mortgages pursuant to § 1641(g);

        -All matters relating to ownership of the mortgage loans under § 1641(g), including location, endorsement and transfer of the mortgages and notes;

        -All matters related to the class and Plaintiffs' claims for damages under section 1640(a);

        -Applicable policies and procedures of Defendant with regard to foreclosure and transfer of loans and assignments; and

        -Any expert testimony identified by Defendant.

    B.    Defendant will need discovery on the following:

Defendant propose, and Plaintiffs agree, that discovery in this case be conducted in two phases, totaling approximately eleven (11) months, focusing consecutively on:

1) the applicability of 15 U.S.C. § 1641(g) to Plaintiffs' individual claim; and then

2) discovery related to the putative class claims.

The threshold issue in this case is whether BAC was required to comply with 15 U.S.C. § 1641(g) based on its role as servicer with respect to the named Plaintiffs' mortgage loan. As the servicer of Plaintiffs' mortgage loan, BAC was not a new "creditor" under section 1641(g). Further, Defendant is exempted from the 1641(g) notice requirement because Plaintiffs cannot show that their mortgage was assigned to BAC for anything other than BAC's administrative convenience in performing its role as servicer. Therefore, class discovery prior to determining whether the statute even applies would be counterproductive and would subject the parties to unnecessary costs and fees. Phased discovery here, instead, promotes judicial economy and will potentially save the needless expenditure of party and judicial resources.

Accordingly, the parties propose the following discovery plan, which bifurcates discovery so that the non-applicability of the statute can be established before they are required to expend any resources conducting class discovery:

Phase 1 (Discovery related to Plaintiffs' individual claim):

 (i) All matters relating to the ownership and/or transfer of Plaintiffs' mortgage and note under § 1641(g), and what disclosures, if any, are required;

 (ii) Defendant's role as servicer of Plaintiffs' mortgage loan as well as the role of, requirements of, and communication with the investor for Plaintiffs' mortgage loan;

 (iii) MERS' assignment to BAC as alleged in the Complaint;

 (iv) Communications between Defendant and Plaintiffs and any other applicable third parties regarding Plaintiffs' mortgage loan;

 (vi) all damages and other relief claimed by Plaintiffs;

 (vii) any expert testimony identified by Plaintiffs;

 (viii) all matters raised in the Complaint related to Plaintiffs' individual claims;

 (iv) all matters raised by Defendants' Answer and affirmative defenses related to Plaintiffs' individual claims;[1]

 (x) Additional facts and issues that may arise during the course of this lawsuit and that are likely to lead to the discovery of admissible evidence.

All Phase 1 discovery shall be completed by **August 10, 2012**. The parties propose that they each have the opportunity to move for summary judgment no

---

[1] Defendant reserves the right to seek additional discovery regarding putative class members should a class be certified and they become parties.

later than thirty (30) days after the first phase of discovery ends and before the second phase begins.

Second Phase (Discovery related to putative class)

 (i) all class allegations and claims made by Plaintiffs in their Complaint;

 (ii) all damages and other relief claimed by the putative class;

 (iii) all matters raised in the Complaint related to the putative class claims;

 (iv) all matters raised by Defendants' Answer and affirmative defenses related to the putative class claims.[2]

 (v) Additional facts and issues that may arise during the course of this lawsuit and that are likely to lead to the discovery of admissible evidence.

3. **Suggested trial date:** Unable to determine prior to the resolution of class certification, but no sooner than ninety (90) days following resolution of class certification, including appeal.

4. **Class Certification.** Plaintiffs' Motion for Class Certification should be filed within thirty (30) days following the close of Phase 2 class discovery (as outlined in para. 2 herein above and para. 5 herein below). Defendant's Response to Plaintiffs' Motion for Class Certification should be filed no later than forty-five (45) days after service of Plaintiffs' Motion for Class Certification. Plaintiff's

---

[2] Defendant reserves the right to seek additional discovery regarding putative class members should a class be certified and they become parties.

Reply Brief should be filed no later than fourteen (14) days after service of Defendant's Response Brief.

(a) The parties must disclose the names and addresses of all witnesses who they intend to call to testify at the class certification hearing no later than fourteen (14) days prior to the class certification hearing;

(b) The parties must identify and make available for inspection and copying all exhibits they intend to offer at the class certification hearing no later than thirty (30) days prior to the class certification hearing. Objections to any identified exhibits must be made no later than fourteen (14) days prior to the class certification hearing.

5. **"Phase 2" Discovery.** All Phase 2 discovery relating to Class Certification issues will be commenced the day following the entry of the Court's Order on motions for summary judgment filed after Phase 1 discovery, if the Court's Order ruling does not fully dispose of the lawsuit, with Phase 2 Discovery to be completed within four (4) months.

6. **Initial Disclosures.** The parties will exchange within thirty (30) days after the date of this report, the information required by Fed. R. Civ. P. 26(a)(1).

7. **Amendments.** The parties request until <u>August 25, 2012</u>, to join additional parties and amend the pleadings.

8. **Experts.** Reports from retained experts under Rule 26(a)(2) due:

7

from Plaintiffs by <u>October 18, 2012.</u>

from Defendant by <u>December 15, 2012.</u>

All expert depositions are to be conducted within thirty (30) days of the applicable expert report deadline.

9.   **Pretrial Disclosures.** Final lists of witnesses and exhibits under Rule 26(a)(3) due no later than 45 days before trial.

10.  **Discovery Limits:**

   a.   There shall be a maximum of forty (40) interrogatories by Plaintiffs and Defendant. Responses shall be due within the timeframe provided by the Federal Rules of Civil Procedure.

   b.   There shall be a maximum of forty (40) requests for admission by Plaintiffs and Defendant. Responses shall be due within the timeframe provided by the Federal Rules of Civil Procedure.

   c.   There shall be a maximum of fifty (50) requests for production by Plaintiffs and Defendant. Responses shall be due within the timeframe provided by the Federal Rules of Civil Procedure.

   c.   There shall be a maximum of seven (7) depositions by Plaintiffs and by Defendant exclusive of (i) expert depositions, and (ii) depositions of a party. A deposition of a party shall not count against the limit prescribed herein.

   d.   Each deposition is limited to a maximum of seven (7) hours, not including breaks unless mutually extended by agreement of the parties.

11.  **Dispositive Motions.** All potentially dispositive motions can be filed at any time, but to be considered must be filed no later than ninety (90) days prior to trial.

12. **Settlement.** Settlement cannot be evaluated at this time.

13. **Service by email and electronic filing.** The parties agree, to the extent possible, that service of discovery can be perfected by e-mail and does not have to be followed by duplicative service through regular U. S. mail. Further, service of pleadings will be perfected upon the filing of the pleading with the court's CM/ECF system, with no party requiring service by U.S. mail. Dates of service of e-mailed discovery requests shall be calculated as if mailed.

14. **Electronic Discovery.** Disclosure of or discovery of electronically stored information will be handled as follows: The parties will preserve relevant electronic information. Production of imaged copies is presumed sufficient without showing of need or agreement of the parties.

15. **Privileged Material.** The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production as follows: Inadvertent disclosure of information protected by the attorney-client and/or work product privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy.

This 20th day of February 2012.          Respectfully submitted,

                                                           */s/ Alan M. Warfield*
                                                           Alan M. Warfield (WAR055)
                                                           Attorney for Bank of America, N.A.

OF COUNSEL:
Jones, Walker, Waechter, Poitevent,
    Carrére & Denégre, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Phone: (205) 244-5262
Facsimile: (205) 244-5400
awarfield@joneswalker.com

                                                          */s/ Kenneth S. Steely*
                                                           Kenneth S. Steely (STE171)
                                                           Attorney for Bank of America, N.A.

OF COUNSEL:
Jones, Walker, Waechter, Poitevent,
    Carrére & Denégre, LLP
254 State Street
Mobile, Alabama 36601
Phone: (251) 432-1414
Facsimile: (251) 433-1001
ksteely@joneswalker.com

                                                          */s/ Earl P. Underwood, Jr.*
                                                          Earl P. Underwood, Jr.
                                                          One of the Attorneys for Plaintiffs

OF COUNSEL:
Underwood & Riemer, P.C.
166 Government Street, Suite 100
Mobile, Alabama 36602
Telephone: (251) 432-9212
Facsimile: (251) 433-7172
epunderwood@alalaw.com