IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER and NATALIE LEWIS, individually and on behalf of all similarly situated individuals, | ) ) ) |
| Plaintiff, | ) |
| v. | ) |
| BAC HOME LOANS SERVICING, L.L.C., | ) CIVIL ACTION NO. 11-0338-CG-N ) |
| Defendant. | |

RULE 16(b) SCHEDULING ORDER

A scheduling conference was on March 12, 2012 before the undersigned Magistrate Judge. Upon consideration of the matters discussed at the conference as well as the parties' Fed.R.Civ.P. 26(f) report (doc. 30) and the pleadings of the parties, the following scheduling order is entered pursuant to Fed.R.Civ.P. 16(b):

1. TRIAL, PRETRIAL CONFERENCE AND PRETRIAL DISCLOSURES. These dates will be set once it is determined whether this action will proceed as a class action or only on the individual plaintiffs' claims.

2. DISCOVERY. This action is brought pursuant to the Truth in Lending Act ("TILA") 15 U.S.C. 1641(g). Due to the nature of this action and pursuant to the agreement of the parties, discovery will proceed in two phases. The first phase of discovery, as outlined in the Rule 26(f) Report (doc. 30 at p. 5) is to be completed on or before **August 10, 2012** . [1]

---

[1] The parties request that they first be allowed to pursue discovery related to the applicability of 15 U.S.C. 1641(g) since "class discovery prior to determining whether the statute even applies would be counterproductive and would subject the parties to unnecessary costs and fees." (Doc. 30 at p. 4)

Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery.

For all actions, "completed" means that all interrogatories, requests for admissions, requests for production and responses thereto have been served; physical inspections and testing concluded; physical and mental examinations concluded; experts' reports exchanged; all depositions, including experts' depositions, taken; motions to compel timely filed to give adequate time for the Court to consider them[2]; and non-party subpoenas (for production of evidence or to permit inspection) issued.

4. INITIAL DISCLOSURES. The initial disclosures required by Fed.R.Civ.P. 26(a)(1) are to be made by the parties not later than **March 20, 2012.**

5. AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES. Any motion for leave to amend the pleadings or to join other parties must be filed on or before **August 27, 2012.**

6. EXPERT TESTIMONY. The disclosure of expert testimony, including reports, required by Fed.R.Civ.P. 26(a)(2) is to be made by Plaintiff on or before **October 18, 2012,** and by Defendants on or before **November 15, 2012.**

**PLEASE NOTE:** The following language has been added to the District Judge's Standing Order Governing Final Pretrial Conference, a copy of which is attached to this Order.

> **"All challenges to expert witnesses, including *Daubert* motions, must be filed not later than two (2) weeks *prior* to the Final Pretrial Conference."**

7. SUPPLEMENTATION. Supplementation of disclosures and responses required by Fed.R.Civ.P. 26(e) is to be accomplished "at appropriate intervals" and "seasonably."

---

[2] See paragraph 10(b).

8. <u>DISCOVERY LIMITS</u>. Discovery is limited as follows:

a. Maximum of 40 interrogatories, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service;

b. Maximum of 7 depositions by plaintiff and 7 by defendants exclusive of expert depositions and depositions of party. Each deposition is limited to a maximum of 7 hours (excluding breaks) unless extended by agreement of the parties.

c. Maximum of 40 requests for admissions, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service;

d. Maximum of 50 requests for production of documents, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service;

e. Subpoenas duces tecum to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.

In applying these limits, all parties represented by the same counsel will be treated as a single party.

9. <u>DISCOVERY MOTIONS</u>. The following requirements pertain to discovery motions filed in this Court:

a. <u>Conferencing by Counsel</u>. The conferencing requirements set forth in the Federal Rules of Civil Procedure and this order will be strictly enforced, and govern any motion by a party to obtain either court-facilitated discovery or protection from another party's attempts to obtain information through discovery, and any motion for extension of time on discovery-related issues. This requirement applies to all such discovery-related motions, including but not limited

to, those referred to in Fed.R.Civ.P. 26(c) (protective order); 34(b) (motion to compel production or inspection); 35(a) (motion for physical or mental examination); 36(a) (motion to determine sufficiency of admissions); 37(a) (order compelling disclosure or discovery); 37(d) (failure to attend own deposition, respond to interrogatories or requests for production); and 45(c) (protection of persons subject to subpoena).  In order to comply with the conferencing requirement, a moving party must include more than a cursory statement that counsel have been unable to resolve the matter.  Counsel seeking court-facilitated discovery, instead, must adequately set forth in the motion facts sufficient to enable the Court to determine whether there has been good faith conferencing between the parties.  Any such motion not containing the required certification will be stricken or denied.[3]

        b.    <u>Time of Filing; Form</u>.  A motion for protective order pursuant to Fed.R.Civ.P. 26(c), a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a), a motion to determine sufficiency pursuant to Fed.R.Civ.P. 36(a), and a motion to compel pursuant to Fed.R.Civ.P. 37 shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court.  Any such motion shall include and quote <u>in</u> <u>full</u> (1) each interrogatory, request for admission or request for production to which the motion is addressed and (2) the response or the objection and grounds therefor, if any, as

---

[3] The undersigned interprets the Federal Rules of Civil Procedure to mean that parties should attempt in good faith to work out any discovery disputes <u>prior</u> to asking for court intervention.  When court intervention is required, the requesting party <u>must</u> certify to the Court its good faith efforts in resolving the issue short of court intervention.  <u>See</u> e.g., <u>Shuffle Master, Inc. v. Progressive Games, Inc.</u>, 170 F.R.D. 166, 171 (D.Nev. 1996) ("[c]ounsel seeking court-facilitated discovery, instead, must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties .... [t]hat is, a certificate must include, <u>inter alia</u>, the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any.")

stated by the opposing party, as well as counsel's argument as to why, both factually and legally, his client is entitled to the requested information. Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

   c. <u>Time for Response</u>. Unless within fourteen (14) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion. Every party filing a response shall include in the response a statement of the controlling law, including citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which the response is based. Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

   d. <u>Privilege or Protection of Trial Preparation Materials</u>. The provisions of Fed.R.Civ.P. 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked. Rule 26(b)(5) information shall be disclosed in a "privilege log" served with the objections to production. The "privilege log" shall, at a minimum, contain the facts suggested in paragraph K (pages 8-11) of the <u>Introduction to Civil Discovery Practice in the Southern District of Alabama</u>, Civil Discovery Committee (1998), which document can be found on the Court's website, <http://www.alsd.circ11.dcn/>

   10. <u>DISPOSITIVE MOTIONS</u>.[4] All dispositive motions are to be filed as soon as possible but in no event later than **September 20, 2012.** Neither the final pretrial conference

---

[4] The filing of Class Certification Motions will be addressed, if applicable, once the parties have filed the supplemental Rule 26(f) Report.

nor the trial of this action will be delayed pending a ruling on such motions. In submitting exhibits, the parties are reminded of Local Rules 5.5(b) and (c), which provide that only relevant portions of deposition transcripts or other discovery materials shall be filed in support of or in opposition to a motion. Evidentiary submissions that do not comport with these requirements may be disregarded.

      11.      <u>BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS</u>. Unless prior permission of the Court is given:

      a.      A brief filed in support of or in opposition to any motion shall not exceed thirty (30) pages in length and a reply brief by movant shall not exceed fifteen (15) pages in length. Attachments to the brief do not count toward the page limitation. <u>See</u> LR 7.1(b).

      b.      An application to the Court for an order shall be by motion, not by letter. <u>See</u> Fed.R.Civ.P. 7(b). Any objection or response to a motion or to any other matter is to be done in a properly-styled and captioned paper, not by letter. <u>See</u> LR 5.1(d).

      c.      Except as otherwise provided herein, courtesy copies of pleadings, motions or other papers filed in the action are not to be provided to the Judge or the Judge's chambers. A copy of a pleading, motion, or other paper that has been previously filed in the action is not to be attached to a subsequently filed pleading, motion or other paper; simply refer to it. If a party's exhibits in support of or in opposition to a motion exceed 50 pages in the aggregate, then that party must deliver a courtesy hard copy of those exhibits to the Judge's chambers by mail or hand delivery.

      d.      Papers transmitted to the Court by facsimile will not be accepted for filing without permission of the Court.

14. <u>LOCAL RULES</u>.  The Local Rules and Standing Orders of this District contain important requirements concerning commencement of discovery, motions to dismiss and for summary judgment, class actions, and other matters and can be found on the Court's website, <u>http://www.alsd.circ11.dcn/Local Rules/Standing Orders</u>.   Please note that LR 5.5 proscribes the filing of most discovery materials.

15. <u>OTHER.</u>   The parties are ORDERED to file a supplemental Rule 26(f) report not later than **seven (7) days from the date of the Court's ruling on any Motion for Summary Judgment   after which time an Amended Rule 16(b) Scheduling Order will be entered.**

The production of Electronically Stored Information (ESI) will be governed pursuant to the agreed procedure of the parties set out in the Rule 26(f) Report (doc. 30 at p. 9) and incorporated herein by reference.

DONE this <u>12th</u>  day of March 2012.

<u>/s/ Katherine P. Nelson</u>
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**
